The opinion of the court was delivered by
Gibson, C. J.
All the exceptions are resolvable into one — that debt does, not lie on the sentence of the Court of Quarter Sessions. It is said this action lies for money due only on a contract express or implied. It clearly lies on a judgment in *ati action, because such a judgment binds the right arid establishes the claim of the *11 party to the thing recovered; from which, it may be said, the law implies a contract to pay. But whether debt lies on a decree in equity, which acts not on the right but the person of the suitor, may still be thought doubtful in those states where there is a Court of Chancery; as it would in general seem to be the regular course to carry, a foreign decree into execution by a chancellor, who would, if it were needful, inquire into the demand on original grounds. In this state, however, an action must be sustained to prevent the failure of justice. In Evans v. Tatem, (9 Serg. & Rawle, 252,) we refused to enter into the merits; but I confess it weighed much with me, that the decree so far partook of the nature of a judgment, that in the state where it was pronounced, it might have been enforced by an execution. But the sentence of a Court of Quarter Sessions is quite another thing. In establishing the right of the party to the thing recovered, a judgment in an action operates as an estoppel, and, consequently, only between the parties. What was the judgment here? The court sentenced the defendant to pay a fine of one dollar to the commonwealth,, and made an order that he should pay the mother twenty dollars for lying-in expenses, and a dollar a week for the maintenance of the' child from its birth until it should be seven years old, and give security in one thousand dollars to indemnify the county. The 8th section of the act of 1705, directs, “That every person being legally convicted to be the reputed father of a bastard child, shall give security to the court, town or place where such child was born, to perform such order for the_ maintenance of such child as the justices of the peace in their .sessions shall direct or appoint.” This is the onlyaet which authorizes an order for the maintenance of the bastard; and it will be perceived that the mother is .not necessarily to be a party. Here the court thought proper to appoint her as the hand to receive; but'any one else might just as well have been put in her place. But the order was not merely to pay a sum presently due, but also a weekly allowance as it should be earned thereafter; for the mother would undoubtedly be entitled only for the time during which she actually maintained the child; consequently, in addition to the order, evidence of actual maintenance would be necessary to make out her case. But in an action on a judgment the record is always sufficient in the first instance; and, beside, a judgment can be, the subject of only one action, whereas to do complete justice in a case like the present, would require a separate remedy for the1 maintenance of each week as the price of it should be earned. In a conviction of larceny, where restoration of the-thing stolen is a part of the sentence, the legislarme has thought proper to provide a particular remedy for the owner by execution against the convict’s property; which would seem to indicate that such a remedy was deemed necessary to prevent the failure of justice. In the absence of an analogous provision, I am of opinion that the plaintiff had no other means of en~ *12 forcing the order than the common law means of enforcing every sentence — a commitment in execution.
Huston, J., dissented.
Judgment reversed.